**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIOLA E. RASTELLI, | Case No.  2:21-cv-08525 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** |
| NELSON CRUZ & ASSOCIATES LLC, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes FABIOLA E. RASTELLI ("Plaintiff"), by and through the undersigned, complaining as to the conduct of NELSON CRUZ & ASSOCIATES LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA")  under 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair

1

Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Central District of California and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Central District of California.

### PARTIES

4.  Plaintiff is a consumer over 18 years of age residing in Los Angeles, California, which lies within the Central District of California.

5.  Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is a third party debt collector that collects debts from consumers on a nationwide basis, including the state of California. Defendant is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 9535 Forest Lane, Suite 114, Dallas, Texas.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

10. The subject consumer debt stems from Plaintiff's purported default in connection with a personal line of credit incurred through Pentagon Federal Credit Union ("PenFed").

11. Upon information and belief, after Plaintiff's purported default on the subject debt, it eventually wound up in Defendant's hands for collection purposes.

12. Upon further information and belief, the subject consumer debt is past any applicable statute of limitations.

13.  In October 2021, Defendant sent Plaintiff a collection email attempting to collect upon the subject consumer debt.

14. This collection email was the first written communication Plaintiff received from Defendant in connection with the subject debt.

15. Because it was the first collection letter Plaintiff received from Defendant, Defendant was required to identify, pursuant to 15 U.S.C. § 1692g(a)(2) "the name of the creditor to whom the debt is owed."

16. Defendant's collection letter provides the following information regarding the subject debt:

> **Our Client: Loan Buyers Group, LLC**
> **Creditor: Pentagon Federal Credit Union**
> **Original Account:** ███████ 5724
> **NCA Account No:** ██████ 5327
> **Balance: $5,385.04**

17. Defendant's collection letter further states that "This notice is to confirm that we are authorized and have agreed to accept a one-time settlement offer of $2,154.02 with the following terms: A single payment in the amount of $2,154.02 to be received by October 29, 2021."

18. Defendant's collection letter further demanded that Plaintiff make payment directly to Defendant.

19. Upon reviewing Defendant's collection letter, Plaintiff became extremely confused and concerned about the nature of Defendant's collection efforts.

20. Plaintiff was confused as to whom the subject debt was owed, as Defendant's collection letter explicitly identifies PenFed as the "creditor," yet this Loan Buyers – an entity with whom Plaintiff is unfamiliar – as Defendant's "client."

21. As such, Defendant's collection letter misled and deceived Plaintiff by completely depriving Plaintiff of any ability to go about intelligently responding to the nature of Defendant's collection efforts, given its failure to sufficiently identify the creditor to whom the subject debt was owed.

22. Adding to Plaintiff's concern with the collection letter was its offer of a "one-time settlement offer" of less than half the purported balance.

23. Despite Plaintiff questioning the legitimacy of Defendant's collection efforts, she was nevertheless compelled to consider whether she should make the settlement payment given its purportedly time sensitive nature.

24. However, upon information and belief, Defendant, a debt collector collecting on a purchased debt past any applicable limitations period, would have re-made similar offers, or even better offers, down the line, given that Defendant was collecting on a debt which had been purchased for pennies on the dollar and would thus have been willing to accept payment in whatever manner Plaintiff was able to make.

25. Defendant's collection letter therefore misrepresented the time-sensitive nature of the offer, causing Plaintiff to feel concerned and stressed that if she refused to accept Defendant's offer or otherwise took time to address the legitimacy of Defendant's collection efforts, she may be subjected to collection efforts for the entire balance.

26. Courts have fashioned safe harbor language which shields debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

27. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's collection letter given the letter's failure to

provide substantive information designed to provide Plaintiff with sufficient information to go about addressing and assessing the debt serving as the basis of Defendant's collection letter.

28. Defendant's deceptive and misleading conduct further harmed Plaintiff and put Plaintiff at a risk of harm for making payment on a debt under the false belief that failure to make such time sensitive payment would result in the loss of the ability to resolve the debt for a reduced sum.

29. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed and further deceptive allusions to time sensitive offers deprived Plaintiff from being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is further a business the principal purpose of which is the collection of debts.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of the FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10);

36. Defendant violated §§ 1692e, e(2)(A), and e(10) when it failed to sufficiently identify the creditor to whom the subject debt was owed in its initial collection letter to Plaintiff. Defendant's collection letters left an impermissible amount of guesswork as to whether the current creditor was PenFed, Loan Buyers, or Defendant, given its failure to clearly identify the precise entity to whom the debt was owed.

37. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letters. As discussed above, Defendant's collection letter was written and formatted to convey that the settlement offer was time-sensitive in nature.

However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made these offers, or even better offers, after the illusory deadline would have passed. Defendant could have provided "safe harbor" language to make its representations more clear; however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

**b.  Violations of the FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated § 1692f by failing to sufficiently identify the creditor to whom the subject debt was owed.

40. Defendant violated § 1692f when it unfairly and unconscionably represented the time-sensitive nature of its settlement offers. Defendant unfairly suggested such offers were time-sensitive, when they were not in fact time-sensitive.

**c.  Violations of the FDCPA § 1692g**

41. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communications with consumers, provide consumers with various pieces of information regarding such consumers' rights to dispute the validity of debts serving as the basis of the debt collectors' collection efforts, including the

8

amount of the debt, an indication of the creditor to whom the subject debt was owed, as well as various disclosures as to a consumer's dispute and validation rights.

42. Defendant violated § 1692g(a)(2) when it failed to sufficiently identify the creditor to whom the subject debt was owed..

WHEREFORE, Plaintiff, FABIOLA E. RASTELLI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

47. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

48. As outlined above, through its conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, f, and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

49. Defendant willfully and knowingly violated the RFDCPA.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, FABIOLA E. RASTELLI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

   c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e.  Award any other relief as the Honorable Court deems just and proper.

Dated: October 28, 2021                              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com